[Crim. No. 32173. Second Dist., Div. Five. Dec. 6, 1979.]

**THE PEOPLE, Plaintiff and Respondent, v.
HOSEA ALFONSO BURDINE, Defendant and Appellant.**

### COUNSEL

Paul N. Halvonik and Quin Denvir, State Public Defenders, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Joel F. Franklin, Jonathan B. Steiner and Harold E. Shabo, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Vincent J. O'Neill, Jr., Deputy Attorney General, for Plaintiff and Respondent.

### OPINION

HASTINGS, J.—Defendant Hosea Burdine[1] was charged by information with burglary (count I - Pen. Code, § 459) and attempted burglary (count II - Pen. Code, §§ 664, 459). Six prior felony convictions were also alleged. Represented by a deputy public defender, defendant pled not guilty and denied the priors. Subsequently, his motion to represent himself was granted. Prior to trial, private counsel was substituted in at defendant's request. After advisement and waiver of constitutional

---

[1] We note that defendant was prosecuted under the name, "HOSEA BURDING."

rights, defendant admitted the alleged priors. His *Beagle*[2] motion was granted as to four burglary priors and denied as to the other two (robbery and grand-theft auto). Following a jury trial, defendant was found guilty of second degree burglary (count I). Count II was dismissed. He was sentenced to state prison for the term prescribed by law. He now appeals, contending (1) that the trial court made insufficient inquiry into his capacity to knowingly and intelligently waive his right to counsel and represent himself, and (2) that the trial court erred in denying his *Beagle* motion as to the two prior felony convictions.

The record shows that defendant was represented by a deputy public defender at the time of his plea and by private counsel at certain pretrial proceedings (admission of priors and the *Beagle* motion) and at trial. Defendant, while representing himself, made several pretrial motions, including those pursuant to Penal Code sections 995 and 1538.5 and Code of Civil Procedure section 170.6. ■ Defendant argues that he was deprived of his right to counsel at critical stages of criminal proceedings because the trial court's inquiry into the adequacy of his waiver of his right to counsel was insufficient. In particular, he criticizes the trial court's use of the written form entitled "Petition to Proceed in Propria Persona" contending that his entries on the form together with the oral questions and admonitions of the court were insufficient to establish an adequate waiver.

Following the holding in *Faretta* v. *California,* 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525], that a requirement of legal competence to represent oneself was an invalid restriction on a defendant's constitutionally protected right of self-representation, our Supreme Court in *People* v. *Windham,* 19 Cal.3d 121, 128 [137 Cal.Rptr. 8, 560 P.2d 1187] stated, "...a trial court must permit a defendant to represent himself upon ascertaining that he has voluntarily and intelligently elected to do so, irrespective of how unwise such a choice might appear to be."

*Faretta* held at page 835 [45 L.Ed.2d at page 582] that to make a valid election of the right to self-representation, a defendant must "...be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' [Citation.]" Defendant's "technical legal knowledge" or competence to act as his own lawyer is

---

[2]*People* v. *Beagle,* 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1].

irrelevant to the court's assessment of the defendant's knowing exercise of the right to defend himself. (*People* v. *Windham, supra,* at p. 128; *Curry* v. *Superior Court,* 75 Cal.App.3d 221, 227 [141 Cal.Rptr. 884].)

In *People* v. *Lopez,* 71 Cal.App.3d 568, 572-574 [138 Cal.Rptr. 36], the court suggested 10 areas, divided into the following three categories, that may be considered and explored by the trial court in a *Faretta* hearing: (1) the dangers and disadvantages of self-representation; (2) the defendant's intellectual capacity to make "this so-called 'intelligent decision'"; and (3) the waiver of the right to appeal on the ground of inadequacy of representation. In footnote 1, at page 572, the court specifically recommends the form used in the instant case, characterizing it as "outstanding."

Here, the record adequately establishes that the defendant made a knowing and intelligent election of self-representation. The court warned defendant that self-representation was "like performing brain surgery on yourself." The court then stated: "Let me tell you I have been around these courts for 35 years, Mr. Burding [*sic*], and I want to level with you, I wouldn't do it if I were you because you got a good attorney, Mr. Nunley. I know when he goes to trial he is an outstanding lawyer. I really mean this, and I mean this sincerely, but the decision is yours. [¶] I just think you have got a fool for a client. I really mean that Mr. Burding [*sic*]. . . .

"It's just that you are really hurting yourself now. You got five prior felony convictions, apparently, and you have gotten yourself into a jam before. . . .

". . .if you want to represent yourself, I can't prohibit you from doing it, but I am just telling you I don't think it's a good thing to do."

The court then asked defendant if he understood his rights with respect to a speedy and public trial by jury, the subpoena power of the court, his own right to testify or not to testify, reasonable bail pending trial, representation by counsel and appointment of counsel. The court also stated that he had a right to conduct his own defense but that he should consider the fact that he would not be permitted to do anything in the courtroom that an attorney could not do; that he would receive no special consideration and that the deputy district attorney who was handling his case was "experienced and highly specialized" in the trying of court trials. The court also said that it was "the advice and

recommendation of this court that [defendant] don't represent [himself], that [defendant] accept the attorney" that is appointed. Defendant also was warned that his "pro. per." status could be terminated at any time if he engaged in "serious misconduct." Further, by means of a written form (petition to proceed in propria persona) defendant was advised, inter alia, that he would not be able to assert on appeal the denial of effective assistance of counsel. This same form reveals that defendant attended high school; that he studied law while in prison and that he was literate enough to write appropriate answers to questions about the charged offense and its consequences.

It is true that defendant failed to answer in writing some of the form's legal questions; however, after examining the totality of the record, it is clear that defendant made a knowing and intelligent waiver of the assistance of counsel.

■ Defendant also contends that the trial court erred in denying his *Beagle* motion to exclude for purposes of impeachment his 1962 robbery conviction and his 1973 conviction for auto theft. He argues that the 1962 conviction was too remote to be considered for impeachment purposes; that the conviction was more than 15 years old as of the date of trial and had been followed by an 11-year period without a conviction. He also argues that both prior offenses are strikingly similar to the burglary offense with which he was charged.

In *Beagle*, the Supreme Court held that although Evidence Code section 788 authorizes the use of a prior felony conviction to impeach the credibility of a witness, a trial court must, when requested, exercise its discretion under Evidence Code section 352 and exclude this evidence if the probative value of the prior conviction is outweighed by other considerations, such as the risk of undue prejudice. (*People v. Fries,* 24 Cal.3d 222, 226 [155 Cal.Rptr. 194, 594 P.2d 19].)

■ The purpose of the use of a prior felony conviction is to impeach credibility; thus, the first factor which the trial court must evaluate is whether the prior felony reflects adversely on an individual's honesty or veracity; if it does, the degree of probative value of the conviction must be determined. Second, the trial court must consider the nearness or remoteness in time of the prior conviction. (*People v. Spearman,* 25 Cal.3d 107, 114 [157 Cal.Rptr. 883, 599 P.2d 74].) ■ Some felonies, such as perjury, are intimately connected with that issue; others, such as robbery or burglary are somewhat less

relevant. As was explained in *Fries,* "[a] prior robbery conviction involves factors that reflect on honesty (the theft) *and* factors that do not (the use of force or fear: see *People* v. *Woodard,* . . .23 Cal.3d [329] at p. 340 [152 Cal.Rptr. 536, 590 P.2d 391].) Thus, only some of the elements of robbery are relevant to impeachment; the others are irrelevant. Therefore, a prior conviction of robbery is only 'partly relevant to credibility.' [¶] Even those elements of a robbery conviction which do reflect on a witness' credibility are less probative of that issue than the elements of other convictions, such as perjury. Thus, while a robbery or other theft conviction may be relevant to credibility, it is entitled to less weight in the *Beagle* balancing process than such other offenses." (*People* v. *Fries, supra,* at pp. 229-230, fn. 7.)

Also to be considered in deciding whether to admit a prior felony for impeachment is whether the prior was "identical or similar" to the crime for which the defendant is being tried. "While the risk of undue prejudice is substantial when any prior conviction is used to impeach the credibility of a defendant-witness, it is far greater when the prior conviction is similar or identical to the crime charged." (*People* v. *Fries, supra,* at p. 230.) Consequently, our Supreme Court "has warned that similar or identical priors should be admitted 'sparingly.' . . .[¶] It is irrelevant that there may be no dissimilar prior convictions." (*Id.* at p. 230.)

In the present case, defendant's 1962 conviction for robbery was more than 15 years old at time of trial. Clearly, because of its remoteness in time and similarity to the presently alleged offense, this prior felony conviction should have been excluded.

Defendant's prior conviction for 1973 auto theft was closely similar to the charged offense. Although this conviction was not remote in time, it antedated the offense charged by four and a half years and its impeachment value was thus diminished to a degree. (Cf. *People* v. *Roberts,* 57 Cal.App.3d 782, 790 [129 Cal.Rptr. 529], overruled on other grounds in *People* v. *Rollo,* 20 Cal.3d 109, 120, fn. 4 [141 Cal.Rptr. 177, 569 P.2d 771]; *People* v. *Antick,* 15 Cal.3d 79, 98-99 [123 Cal.Rptr. 475, 539 P.2d 43].) Under the principles declared in *Fries* and *Spearman,* we must conclude that it was also an abuse of discretion to admit this prior conviction for purposes of impeachment.

However, there is nothing in the record to suggest that defendant would have testified had his *Beagle* motion been granted as to all six of

his priors. It is true that a defendant need not expressly state on the record that his decision not to testify was due to the denial of his motion. (*People* v. *Fries, supra,* 24 Cal.3d 222, 232, fn. 11.) Nor does a defendant need to make an offer of proof as to what his testimony would have been had he testified. (*People* v. *Rist,* 16 Cal.3d 211, 222 [127 Cal.Rptr. 457, 545 P.2d 833].)

Both *Beagle* and *Rist, supra,* enjoin trial courts to consider "'what the effect will be if the defendant does not testify out of fear of being prejudiced because of impeachment by prior convictions'" (*Beagle, supra,* 6 Cal.3d at p. 453) or, as *Rist* puts it "the adverse effect on the administration of justice should a defendant elect not to testify for fear of impeachment." (*Rist, supra,* 16 Cal.3d at p. 222.) Try as we might, we know of no way to comply with this mandate without some evidence in the record that the reason why defendant does not testify is "fear of being prejudiced" or "fear of impeachment." ■ Therefore, unless the record contains some indication that an adverse ruling on a *Beagle* and *Rist* motion has adversely affected a defendant's decision to testify, the error is nonprejudicial.

In the present case, there is no indication of why defendant decided not to testify. There is nothing in the record from which it is even possible to infer that denial of his motion prevented him from testifying. Many defendants choose not to take the stand when there is no evidence of prior convictions. Under these circumstances we cannot say that defendant was prejudiced by the trial court's denial of his motion.

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 30, 1980. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.