[Civ. No. 16879. Fourth Dist., Div. One. July 25, 1978.]

ROBERT F. PROVENCHER, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE NORTH COUNTY JUDICIAL
DISTRICT OF SAN DIEGO COUNTY, Defendant and Respondent.

**COUNSEL**

Stanton, Welch & Brady and John Stanton for Plaintiff and Appellant.

Edwin P. Miller, Jr., District Attorney, Peter C. Lehman and George J. Du Borg, Deputy District Attorneys, for Defendant and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**— Robert F. Provencher appeals a judgment denying his petition for a peremptory writ of mandate to compel the municipal court to strike a prior drunk driving conviction in his prosecution on a current charge of drunk driving.

The superior court reached the merits of Provencher's petition. We decline that invitation and in so doing, suggest the trial court, as a matter of policy, should have declined also. This suggestion is without any implication the trial court ruled erroneously. The implication is that the trial court erroneously ruled (on the merits).

Insofar as the record before this court discloses, Provencher has yet to be tried even though the complaint in his case was filed June 3, 1976. Before he petitioned the superior court for mandate, he had moved the municipal court to strike the prior conviction. The municipal court's denial of that motion was not an appealable order, but was an interim order reviewable on an appeal from the judgment once judgment is entered. That remedy is adequate.

We said in *Hogya* v. *Superior Court*, 75 Cal.App.3d 122, 128-129 [142 Cal.Rptr. 325]:

"Where an order is not appealable, but is reviewable only upon appeal from a later judgment, various factors must be considered in evaluating

the adequacy of the appellate remedy [citation]. Such factors include, without being limited to, the expense of proceeding with trial (*id.*), prejudice resulting from delay (*id.*), inordinate pretrial expenses [citation], and the possibility the asserted error might not infect the trial [citation], and the possibility the asserted error might be corrected in a lower tribunal before or during trial [citation]. A remedy is not inadequate merely because more time would be consumed by pursuing it through the ordinary course of law than would be required in the use of an extraordinary writ. [Citations.]

"In the case of most interim orders, 'the parties must be relegated to a review of the order on appeal from the final judgment.' [Citations.] This reality reflects not only the adequacy of the appellate remedy in the usual case but also several important factors relating to judicial administration. 'If reviewing courts made themselves routinely available to intervene by writ whenever a litigant claimed a mistake had been made in a law-and-motion department, trials would be delayed, litigants would be vexed with multiple proceedings, and judgment appeals would be kept waiting.' [Citation.]"

What we said in *Hogya* applies with equal force to mandamus or prohibition sought in the superior court to test interim rulings of an inferior court (*Bird* v. *Justice Court,* 182 Cal.App.2d 674, 679 [6 Cal.Rptr. 502]; *Schoenfeldt* v. *Municipal Court,* 187 Cal.App.2d 748, 749 [9 Cal.Rptr. 912]).

While the superior court disposed of Provencher's contentions on their merits, we are not bound to follow suit. In *Childress* v. *Municipal Court,* 8 Cal.App.3d 611, 615 [87 Cal.Rptr. 383] one of the grounds for reversing the superior court's order granting a writ of prohibition was that an appeal was an adequate remedy.

Judgment affirmed.

Cologne, J., and Staniforth, J., concurred.