[Crim. No. 32464. Second Dist.. Div. Five. Apr. 6, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
DANNY FABRICANT. Defendant and Appellant.

## COUNSEL

Danny Fabricant, in pro. per., for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Robert H. Philibosian, Chief Assistant Attorneys General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab, James H. Kline and Donald J. Oeser, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

KAUS, P. J.—Following a preliminary hearing, defendant was charged in a four-count information with violations of Penal Code section 12021 (possession of a firearm by an ex-convict), section 236 (false imprisonment), section 242 (misdemeanor battery), and section 417 (brandishing a firearm). After a motion under Penal Code section 995, all charges except the section 12021 count were dismissed.

Defendant then made a motion purportedly under the authority of Evidence Code section 402, in which he asked the court to make a preliminary ruling on the validity of his proposed defense—"threats and menaces" (See CALJIC No. 4.40)—as applied to the charged offense. The court held that the proposed defense was not available against a charge of violation of Penal Code section 12021, but it further ruled that defendant could call witnesses to establish the "defense" solely "for purposes of [the] record on appeal."

Defendant waived his right to trial by jury and submitted the matter on the transcript of the preliminary hearing with the addition of testimony from defense witnesses. The court found defendant guilty as charged. After a probation and sentencing hearing at which several witnesses for the People testified, defendant was sentenced to the state prison. Throughout the above proceedings defendant acted as his own counsel.

## FACTS

The facts are relatively simple. At about noon on January 30, 1977, defendant was seen to arrive at 15734 Saticoy Street where a pickup truck was parked in the driveway of the residence and a young man was standing next to the truck. Defendant dragged the young man onto the porch of the house and, while his dog kept watch over the man, disappeared into the house. He returned with a handgun which he pointed at the man. Defendant then looked behind some nearby bushes, spoke to the man, and helped him push the truck into the street. Defendant was an ex-convict.

The defense presented evidence that Sidney Fabricant, defendant's father, resided at the house at 15734 Saticoy Street. Mr. Fabricant, Sr., had been the victim of an armed robbery at his home on January 5, 1977, about three and a half weeks earlier. One of the three robbers had asked Fabricant, Sr., where his son Danny was and had stated, " 'We are going

to get him, we are going to shoot him because he is no good. He ripped off our friend.' " The three robbers were at large until some time after January 30, when one of them was arrested and confessed to the robbery.

Defendant testified in his own defense that when he arrived at his father's house on January 30 he feared that the stranger parked in the driveway was connected with the robbers who had threatened his life earlier that month. He believed that his life was in danger. He went into the house to look for a weapon and found the .22 caliber pistol in a dresser drawer being used by his girlfriend, Tina De Farlo. After defendant had assured himself that the man outside was there simply because the clutch on his truck had broken, defendant put down the gun and helped him push his truck out into the street. Tina De Farlo testified that the gun was hers and that defendant did not know she had it.

## Discussion

### 1. Compliance with Penal Code sections 859 and 866.5.

Defendant first contends, as he did at his motion to dismiss the information under Penal Code section 995, that he was unlawfully committed to the superior court because the magistrate failed to comply with Penal Code sections 859[1] and 866.5.[2]  **(1)**  At the outset, it is clear that section 866.5 has no application to the present case. That section, by its terms, is operative only where the defendant is "examined" at the preliminary examination, i.e., where he himself appears as a witness. (*People* v. *Gaynor* (1963) 223 Cal.App.2d 575, 579-580 [36 Cal.Rptr. 219].) Since defendant did not testify at the preliminary hearing, section 866.5 is simply inapplicable.

**▇▇▇**  Nor can we conclude from the limited record before us[3] that there was a failure by the magistrate to comply with section

---

[1]Section 859 states, in relevant part: ". . . The magistrate shall immediately deliver to [the defendant] a copy of the complaint, inform him of his right to have the assistance of counsel, ask him if he desires the assistance of counsel, and allow him a reasonable time to send for counsel. . . ."

[2]Penal Code section 866.5 provides: "The defendant may not be examined at the examination, unless he is represented by counsel, or unless he waives his right to counsel after being advised at such examination of his right to aid of counsel."

[3]That record consists of the transcript of the preliminary hearing and the municipal court docket sheet, which is comprised of the clerk's entries documenting the events which occurred in that court prior to and including the preliminary hearing. Although it appears that a court reporter was present at each of defendant's appearances in the municipal court, defendant has not sought to present any transcriptions of the oral

859. ■ The purpose of section 859 is "to assure that the accused is afforded every reasonable opportunity to secure and be represented by counsel of his own choice" before the preliminary hearing is begun. (*People* v. *Terry* (1962) 57 Cal.2d 538, 554 [21 Cal.Rptr. 185, 370 P.2d 985].) ■ Defendant's preliminary hearing was held on May 31, 1977. The municipal court docket sheet reflects that on February 28, 1977, and on March 1, 1977, defendant was "informed of the charge against him and of his right to the aid of counsel at every stage of the proceedings." On March 1, defendant was "given time to secure counsel and did not." On April 19, 1977, defendant was "personally advised of his constitutional rights." Before the preliminary hearing, defendant was again told that he was "entitled to have an attorney of [his] own choosing through all of these proceedings;" and that if he "[did] not have one or [could not] afford one the court [would] appoint one from the office of the Public Defender. . . ." Defendant stated that he understood the rights which had just been read to him and then proceeded to represent himself at the hearing.

It is true that the record does not affirmatively show that the magistrate at any point in time actually asked defendant, as section 859 requires, whether he desired counsel. (See *People* v. *Diaz* (1962) 206 Cal.App.2d 651, 661 [24 Cal.Rptr. 367], disapproved on other grounds in *People* v. *Perez* (1965) 62 Cal.2d 769, 776 [44 Cal.Rptr. 401 P.2d 934].) ■ However, nothing in the statute requires that the inquiry be made at the preliminary hearing itself[4] and, in fact, the interests of efficient administration of justice suggest that the matter should be settled well in advance of that hearing so that counsel can be prepared to represent his client effectively. ■ The lack of a complete record on this matter is, as we noted earlier (see fn. 3, *ante*), solely the fault of defendant, who chose, presumably for his own strategic reasons, not to make the transcripts of the earlier oral proceedings part of the record. In their absence, we cannot presume error. (See *People* v. *Scott* (1944) 24 Cal.2d 774, 777 [151 P.2d 517].)

---

proceedings which occurred there. As the proponent of the section 995 motion, it was his burden to show error. (See *People* v. *Smink* (1930) 105 Cal.App. 784, 795 [288 P. 873].)

[4]Indeed, the statute appears to contemplate that the inquiry must be made on the first occasion that the defendant appears before the magistrate: "When the defendant is charged with . . . a public offense . . . he shall, without unnecessary delay, be taken before a magistrate. . . . The magistrate shall immediately deliver to him a copy of the complaint, inform him that he has the right to have the assistance of counsel, ask him if he desires the assistance of counsel. . . ." etc. (Pen. Code, § 859.)

## 2. *Failure of trial court to give Faretta warnings.*

■ Although defendant bears the burden of furnishing a record which shows that the section 995 motion was erroneously denied, the burden is on the People to show that defendant was ". . . made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' [Citation.]" (*Faretta* v. *California* (1975) 422 U.S. 806, 835 [45 L.Ed.2d 562, 582, 95 S.Ct. 2525].) The exact scope of the warnings required by *Faretta* has been the subject of discussion in various appellate opinions. In *People* v. *Lopez* (1977) 71 Cal.App.3d 568, 572-574 [138 Cal.Rptr. 36], the court recommended a lengthy series of warnings. In *People* v. *Elliot* (1977) 70 Cal.App.3d 984, 990 [139 Cal.Rptr. 205], the court held that *Faretta* was satisfied where "the trial judge fully warned defendant that he considered it to be a mistake on his part not to accept the assistance and that defendant would be required to follow the ground rules of trial procedure and make the appropriate motions and utilize the procedural rules that an attorney would make and utilize." In *People* v. *Dale* (1978) 78 Cal.App.3d 722, 730 [144 Cal.Rptr. 338], we held that the trial court's repeated advice to the defendant that he was making a mistake was "all *Faretta* requires." Most recently, in *People* v. *Cervantes* (1978) 87 Cal.App.3d 281, 286-287 [150 Cal.Rptr. 819], division one of this court held that the statement, "You know you are not accorded any special privileges and you will be treated the same as if you had counsel" was not, by itself, adequate warning of potential pitfalls.

■ Although the cases differ on the extent of the admonishments which *Faretta* requires, all are agreed that the court must in some manner indicate to the defendant that self-representation is in most instances a hazardous course of action. Nothing resembling such a warning appears any place on the record in the present case. When defendant first appeared in the superior court for a hearing on his motion under Penal Code section 995, Judge Di Giuseppi made no mention of the fact that he was appearing in propria persona. On the date on which trial was scheduled to begin, defendant appeared before Judge Klein. Apparently assuming that Judge Di Giuseppe had already afforded defendant whatever advice and discouragement *Faretta* mandates, the trial judge simply asked him whether he had waived his right to counsel.[5] There is

---

[5]"THE COURT: Mr. Fabricant, you are before the Court, as I understand it sir, you are representing yourself? MR. FABRICANT: That's correct, your Honor. THE COURT: That is with full knowledge that you know that you have a right to be represented by counsel? MR. FABRICANT: Yes, your Honor. THE COURT: And that you have given up

nothing in the record which can reasonably be construed as constituting *Faretta* type warnings.

There is some disagreement in the courts of this state on the question whether the absence of the requisite warnings is prejudicial per se or if the error can be judged under the harmless error test of *Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065]. The two cases which have directly addressed the issue—*People* v. *Lopez, supra,* 71 Cal.App.3d at page 571 and *People* v. *Cervantes, supra,* 87 Cal.App.3d at pages 293-294—have come down on both sides of the question. Focussing on the fact that the lack of the required warning rendered the waiver of counsel invalid, and hence deprived the defendant of his constitutional right to counsel. *Lopez* held the error prejudicial per se. (*People* v. *Lopez, supra,* 71 Cal.App.3d at p. 571.) The *Cervantes* court, on the other hand, while acknowledging that it was impossible to measure prejudice where there is a deprivation of the right to counsel (*People* v. *Cervantes, supra,* at p. 293), nevertheless carefully examined the proceedings, apparently to determine whether the giving of the required warnings would have deterred defendant in his decision to represent himself. Thus the *Cervantes* court noted that (1) the defendant was informed of "the most significant consequences of going it alone" (*id.,* at p. 294); (2) the defendant declined an offer by the trial court to furnish him with advisory counsel; and (3) the defendant had represented himself at all earlier proceedings in the case, including at a first trial which had resulted in a mistrial because of a hung jury. The court had no difficulty in determining that the failure to adequately warn the defendant was, in that case, " 'harmless beyond a reasonable doubt.' " (*Id.*)

Assuming that the *Chapman* harmless error standard is applicable, the record in the instant case is simply not strong enough to establish beyond a reasonable doubt that proper warnings would not have discouraged defendant in his decision to represent himself. In the best of circumstances, this sort of judgment is highly speculative. Here, however, the record shows no more than that defendant did in fact represent himself at the proceedings prior to and including the trial. Without some additional showing comparable to the facts of *Cervantes,* we cannot conclude from the mere fact of self-representation that defendant would not have heeded some timely advice from the trial court. On this record, we are

---

that right to be represented by counsel? MR. FABRICANT: That's correct. THE COURT: All right. . . .":

not convinced beyond a reasonable doubt that the error did not contribute to the conviction.

Our determination that the conviction must be reversed because of *Faretta* error makes discussion of defendant's other assignments of error unnecessary.

The judgment of conviction is reversed.

Stephens, J., concurred.

**ASHBY, J.**—I respectfully dissent. There are cases where the services of a lawyer are crucial to a proper defense, but this case is not one of them. This is no close case. Defendant is an ex-convict charged with possession of a gun. The evidence is clear that he possessed and used the gun. Defendant has had much prior experience with the courts. Based on his record, it is clear that he was very aware of the technicalities of a criminal trial and that he did not need to be informed of "the most significant consequences of going it alone." As far as discouraging defendant from representing himself, it should be noted that he currently is still representing himself in various petitions and applications. Any error in not specifically warning defendant of the difficulty in representing himself was harmless beyond a reasonable doubt. (*People* v. *Cervantes,* 87 Cal.App.3d 281, 293-294 [150 Cal.Rptr. 819].) Any further recycling of this case will result only in needlessly imposing an additional burden on an overburdened court system.

Respondent's petition for a hearing by the Supreme Court was denied May 30, 1979. Clark, J., was of the opinion that the petition should be granted.