[Crim. No. 4788. Fifth Dist. July 17, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
TYREL RICHARD PARADISE, Defendant and Appellant.

COUNSEL

Willard L. Weddell, Public Defender, and H. A. Staley, Deputy Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey and John R. Duree, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

John K. Van de Kamp, District Attorney, Harry B. Sondheim and George M. Palmer, Deputy District Attorneys, as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

**BROWN (G. A.), P. J.**—Appellant seeks reversal of an order of the Municipal Court for the West Kern Judicial District following affirmance by the Appellate Department of the Superior Court, County of Kern, and certification to this court for review pursuant to California Rules of Court, rules 62(a) and 63.

The issue is whether before accepting a guilty plea to a misdemeanor a trial court must expressly advise a defendant who appears without counsel of the dangers and risks of self-representation. ■ We hold that such advisement need not appear of record so long as the record as a whole shows that the express waiver of counsel was intelligent and with understanding. ■ We further hold that the burden of proving that the waiver was not intelligent and with understanding is upon the appellant and that under the facts of this case appellant did not meet his burden. Accordingly, the order will be affirmed.

Appellant pled guilty in the municipal court to a charge of grand theft (Pen. Code, § 487, subd. 1), filed as a misdemeanor pursuant to Penal Code section 17. Upon his arraignment he was advised of his right to counsel and that counsel would be appointed at no expense if he lacked funds. He waived counsel and entered a plea of not guilty.

He later appeared without counsel and indicated his desire to plead guilty. Before pleading guilty appellant signed a form entitled "Defendants Acknowledgment of Advisal, Understanding and Waiver of Constitutional Rights." All of the *Boykin-Tahl* rights (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]) were listed. The following statement appears under a section entitled "My Right to Have an Attorney": "I understand that I have the right to retain and consult an attorney. If I cannot afford to hire an attorney, I understand that the Court must appoint an attorney. I understand that I have the right to have an attorney present during all proceedings."

Beneath the listed rights is the following statement: "The Court or my attorney has fully described the nature of the charges against me. The Court or my attorney also has informed me of all the possible consequences of entering a plea of either guilty or nolo contendere including but not limited to the possible maximum jail sentence that could be imposed on this charge." Thereafter the form states, "[h]aving been advised of the rights set forth above, and with full knowledge and understanding of those rights and of the effect of waiving them, I hereby specifically waive each and every one of said rights and enter a plea of guilty or nolo contendere, myself or by my attorney." Appellant dated and signed the form.

Thereafter and before sentencing, at appellant's request the Kern County Public Defender was appointed to represent him. Appellant made a motion to withdraw the guilty plea pursuant to Penal Code section 1018, predicated in part upon the ground he was not expressly advised of the dangers or disadvantages of self-representation. The motion was denied.

The salient part of appellant's declaration on this issue submitted in support of the Penal Code section 1018 motion stated: "I represented myself in this matter and I am not an attorney. I was never advised of the dangers or disadvantages of self representation at either the March 14, 1979 [date of arraignment on complaint], or the April 5, 1979 [date of plea], dates." There was no court reporter present when appellant pled guilty. Respondent concedes that appellant was not expressly advised of the dangers and risks of representing himself. The issue of whether such express advice is required is therefore squarely presented.

The point of departure in analyzing this issue is *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]. In *Faretta* the United States Supreme Court was faced with the question of whether "a defendant in a state criminal trial has a constitutional right to proceed *without* counsel when he voluntarily and intelligently elects to do so." (*Id.*, at p. 807 [45 L.Ed.2d at p. 566, 95 S.Ct. at p. 2527].)

The decision and holding of *Faretta* is that a defendant does have a constitutional right to proceed in propria persona when the defendant intelligently and knowingly elects to do so. (*Id.*, at p. 836 [45 L.Ed.2d at p. 582, 95 S.Ct. at p. 2541].) The court emphasized that a defendant's technical legal knowledge of the law or judicial procedure, as

such, was not relevant to an assessment of his knowing exercise of the right to defend himself. (*Ibid.*) In the course of the decision the following language appears: "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits. *Johnson* v. *Zerbst*, 304 U.S., at 464-465. Cf. *Von Moltke* v. *Gillies*, 332 U.S. 708, 723-724 (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' *Adams* v. *United States ex rel. McCann*, 317 U.S., at 279." (*Id.*, at p. 835 [45 L.Ed.2d at pp. 581-582, 95 S.Ct. at p. 2541].)

■ While this language is not the holding of the case, and is what other decisions have termed "dicta," the import of the language is clear: Courts must be certain that defendants who insist on going to trial without benefit of counsel have made that decision knowingly and intelligently.

It is apparent that *Faretta* was concerned primarily with the constitutional right of a defendant to represent himself—not with the issue of whether an express advisement or warning of the consequences of a defendant choosing to do so is required. Appellant argues that an express admonishment of the dangers and risks of self-representation must appear of record, thus in effect adding to those advisements already required by the *Boykin-Tahl* cases and with regard to his right to an attorney by *In re Johnson* (1965) 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420].

However, one would peruse *Faretta* in vain to find a requirement or suggestion that a trial court must expressly admonish a defendant of the dangers and risks of self-representation. ■ What the law requires is that it appear from the whole record that a defendant's waiver of counsel and decision to represent himself was knowing and intelligent; that in choosing to represent himself he knew what he was doing and made the decision with eyes open. This is clearly the import of the decisions in *Adams* v. *U.S.* ex rel. *McCann* (1942) 317 U.S. 269, 279-281 [87 L.Ed. 268, 274-276, 63 S.Ct. 236, 242-243, 143 A.L.R. 435]

and *Johnson* v. *Zerbst* (1938) 304 U.S. 458, 464-465 [82 L.Ed. 1461, 1466-1467, 58 S.Ct. 1019, 1023, 146 A.L.R. 357], upon which the *Faretta* court placed primary reliance.

A number of post-*Faretta* federal court cases have expressly or implicitly rejected the rule appellant proposes—that trial courts engage in a mechanical advisement of the risks of self-representation—and have reaffirmed the pre-*Faretta* rule that the entire record should be examined in determining whether the waiver of counsel was intelligently made. (See, e.g., *United States* v. *McCaskill* (6th Cir. 1978) 585 F.2d 189, 190; *United States* v. *Gillings* (9th Cir. 1978) 568 F.2d 1307, 1308-1309 (cert. den. 436 U.S. 919 [56 L.Ed.2d 760, 98 S.Ct. 2267]); *United States* v. *Warledo* (10th Cir. 1977) 557 F.2d 721, 727; *Maynard* v. *Meachum* (1st Cir. 1976) 545 F.2d 273, 278-279.) Likewise, a number of California cases decided before the *Faretta* decision held that this was the rule. (See, e.g., *In re Johnson, supra*, 62 Cal.2d 325, 334-335; *People* v. *Miller* (1970) 12 Cal.App.3d 922, 931 [91 Cal.Rptr. 97]; *People* v. *Kellett* (1969) 1 Cal.App.3d 704, 710-712 [81 Cal.Rptr. 917]; *People* v. *Kranhouse* (1968) 265 Cal.App.2d 440, 447 [71 Cal. Rptr. 223].) At least one California case since the *Faretta* decision has held that the rule in California has not been changed by *Faretta*. (*People* v. *Barlow* (1980) 103 Cal.App.3d 351, 366-368, 371, 373-374 [163 Cal.Rptr. 664]; see also *People* v. *Burdine* (1979) 99 Cal.App.3d 442, 447-448 [160 Cal.Rptr. 375].)

We have concluded that the rule which prevailed prior to *Faretta* continues to be the rule in California on this issue; whether a valid waiver of counsel occurred must be determined by reviewing the entire record and circumstances of the case.

 We think it is also clear that the burden is upon appellant to demonstrate that he did not intelligently and understandingly waive his right to counsel with knowledge of the dangers and risks involved. (*Moore* v. *Michigan* (1957) 355 U.S. 155, 161-162 [2 L.Ed.2d 167, 172, 78 S.Ct. 191, 195]; *People* v. *Miller, supra*, 12 Cal.App.3d 922, 930; *People* v. *Kellett, supra*, 1 Cal.App.3d 704, 711; *People* v. *Kranhouse, supra*, 265 Cal.App.2d 440, 447.)

Appellant did not satisfy his burden. He was advised of his right to counsel, including his right to appointed counsel. He was informed of the nature of the charge against him and the possible punishment in-

volved. Once respondent established these facts it was appellant's burden to demonstrate that his waiver of counsel was not knowing and intelligent. (See *People* v. *Duren* (1973) 9 Cal.3d 218, 237 [107 Cal. Rptr. 157, 507 P.2d 1365]; *People* v. *Coffey* (1967) 67 Cal.2d 204, 217 [60 Cal.Rptr. 457, 430 P.2d 15].)

Appellant's declaration states: "I represented myself in this matter and I am not an attorney. I was never advised of the dangers or disadvantages of self representation at either the March 14, 1979, or the April 5, 1979, dates." Appellant does not aver that he in fact was not aware of the dangers and risks of self-representation nor, indeed, that had he been expressly advised of the dangers and risks he would not have undertaken to represent himself. Appellant-declarant could have been fully aware of those dangers and risks[1] and also have honestly made the statement that he was not advised of the dangers and risks. These observations point up the nature of appellant's claim herein: that irrespective of what the record may otherwise reflect regarding whether he intelligently waived his right to counsel and his actual knowledge of the dangers and risks of self-representation, the court was required to ritualistically expressly advise him of those dangers and risks. We cannot agree with that position.

The trial court, at the motion to withdraw the guilty plea, was obviously unconvinced by appellant's declaration that his waiver of counsel was not knowing and intelligent. The minute order and written waiver form clearly persuaded the court that the waiver was constitutionally valid. The declaration submitted by appellant states only that he was not explicitly advised of the dangers of self-representation. Since appellant has failed to show that the trial court's finding he knowingly and intelligently waived counsel is unsupported by the record, the court did not err in refusing to set aside the guilty plea. If appellant desires to pursue the issue further the proper remedy would be by way of habeas corpus wherein the documentation may go beyond the record.

We do not suggest that an express, on-the-record advisement of the dangers and risks of self-representation is not desirable. It is. (See *People* v. *Lopez* (1977) 71 Cal.App.3d 568 [138 Cal.Rptr. 36].) Obviously, without an express, on-the-record advisement increased direct and col-

---

[1]In fact, the record reflects that appellant is a third-year college student and has had extensive contact with law enforcement, including three prior convictions, which include larceny, trespass and obstructing a public officer.

lateral attacks upon pleas of guilty entered without counsel will be inevitable and the predictability of the results uncertain. The probability that different appellate courts will draw differing inferences from the same on-the-record facts will itself whet the appetite for victory of imaginative and zealous counsel. However, weighing that possibility against the ever-increasing and time-consuming burden placed upon trial courts to intone ritualistic incantations, we believe the scales tip in favor of the less formalistic determination of whether a defendant has knowingly and intelligently waived his right to counsel. As we have pointed out, that was the rule before *Faretta* and we see no persuasive reason for changing it now. As was said in *In re Johnson, supra*, 62 Cal.2d 325, 336: "We must recognize that the typically crowded arraignment calendars of our courts pose urgent problems in the administration of justice in California. This is particularly true of those courts in large municipalities which are called upon to deal with an unending stream of traffic violations, drunk cases, vagrancies, and similar petty offenses. While there can be no impairment of the fundamental constitutional rights of any defendant, however minor his crime, in certain situations there may be a choice of valid ways to implement these rights. Where such is the case—and constitutional rights are respected—the convenience of the parties and the court should be given considerable weight."

It remains to discuss the case of *People* v. *Torres* (1979) 96 Cal. App.3d 14 [157 Cal.Rptr. 560]. In that case the majority of the court purported to hold that in all cases other than minor, uncomplicated misdemeanors an intelligent waiver of counsel requires on-the-record advice from the court of the dangers of self-representation, though the advice need not be memorialized in the docket entry but may appear at any place in the record of the proceeding. (*Id.*, at pp. 19-22.)

The *Torres* court places principal reliance upon *In re Johnson, supra*, 62 Cal.2d 325, and *Adams* v. *U.S.* ex rel. *McCann, supra*, 317 U.S. 269. Both cases predate *Faretta* by a number of years, and neither goes any further than to require that an express advisement of the right to counsel and a knowing and intelligent waiver thereof appear of record. Neither case stands for the proposition that a defendant must be explicitly advised of the dangers of self-representation before a waiver of counsel may be knowing and intelligent. Indeed, neither case requires any ritualistic advisement as a condition precedent to a knowing and intelligent waiver of counsel. As set forth above, the factual/legal

conclusion that a waiver is intelligent and with understanding is to be drawn from the entire record. Thus the *Torres* court, in concluding trial courts must expressly advise a defendant of the dangers of self-representation, took a step not authorized by either *Johnson* or *McCann*. The conclusion of the *Torres* court is simply not supported by the authority cited.[2] (See *People* v. *Barlow, supra*, 103 Cal.App.3d 351, 368-370.)

The judgment is affirmed.

Zenovich, J., and Hamlin, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 15, 1980.

---

[2]*Torres* also relies on *People* v. *Fabricant* (1979) 91 Cal.App.3d 706 [154 Cal.Rptr. 340]. We view *Fabricant* as a case where a conviction was reversed because the record could not support a finding the defendant knowingly and intelligently waived counsel. Insofar as *Fabricant* holds it is error to not give a specific on-the-record warning on the dangers of self-representation we respectfully submit *Fabricant* is in error. Neither *Faretta* nor the cases it relied upon require a specific warning. (*People* v. *Barlow, supra*, 103 Cal.App.3d 351, 373-374.) The record and circumstances of the case need only show the decision to proceed in propria persona was made in a knowing and intelligent fashion. (*Ibid.*)

*Assigned by the Chairperson of the Judicial Council.