[Civ. No. 58334. Second Dist., Div. One. Sept. 10, 1980.]

TERRY LEON BENGE, Plaintiff and Appellant, v.
THE SUPERIOR COURT OF VENTURA COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

COUNSEL

Aaron & Nadasi and Leslie F. Nadasi for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Weisman and Robert R. Anderson, Deputy Attorneys General, for Real Party in Interest and Respondent.

OPINION

DUNN, J.*—

I

This is an appeal from the superior court's denial of appellant's petition for writ of mandate. Appellant, on May 26, 1977, pled guilty to a violation of section 23102, subdivision (a) of the Vehicle Code, driving a vehicle upon a public highway while under the influence of an intoxicating liquor. Appellant waived his right to counsel and represented himself at the time he entered his plea of guilty. On August 3, 1979, appellant moved the Municipal Court of Ventura County to strike his conviction of May 26, 1977, on the two grounds that appellant had not intelligently waived his right to counsel and that the record did not establish that his election of self-representation was knowingly and intelligently given. The motion was denied and appellant petitioned the superior court for writ of mandate which was denied. From this denial appellant takes his appeal.

II

The court docket reflects that appellant was charged with having on May 16, 1977, violated section 23102, subdivision (a) of the Vehicle Code. Appellant, representing himself, was arraigned on May 26, 1977, and the complaint was amended deleting any reference to drugs. On that same date the defendant-appellant pled guilty to the charge having been advised of, and having waived, his rights to counsel; to a jury trial; to remain silent; to subpoena, confront and cross-examine witnesses; the maximum and minimum sentence permissible; the sentence the court intended to impose; appellant's possible defenses; the consequences of the plea of guilty; the nature of the charge; and the provisions of section 1203.4 of the Penal Code. In addition, defendant signed a form entitled "Defendants' Waiver of Constitutional Rights For Guilty Plea." Defendant placed his initials next to the following statements:

"3. DEFENDANT: I understand that I have the *right to be represented by an attorney* at all stages of these proceedings until the case is terminated. And further, that if I cannot afford an attorney one will be appointed free of charge.

---

*Assigned by the Chairperson of the Judicial Council.

“. . . . . . . . . . . . . . .

"11. IF DEFENDANT HAS NO ATTORNEY: I freely and voluntarily give up the right to be represented by an attorney having been completely advised as to the nature and extent of this right."

The reporter's transcript of May 26, 1977, reveals that appellant was not specifically advised orally of the hazards involved in self-representation.[1] On September 14, 1979, appellant made his motion to strike the conviction of May 26, 1977.

### III

Appellant contends that the failure of the court to specifically advise him of the hazards of self-representation resulted in a waiver of counsel that was not knowingly and intelligently made. Moreover, appellant urges, the record of the proceedings of May 26, 1977, do not reflect any admonition as to the dangers of self-representation therefore, there is no record as required by law of an understanding and intelligent waiver of the right to counsel. For these reasons, appellant argues, the petition for writ of mandate ordering the petition set aside should have been granted. Appellant bases his contentions upon the authority of *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]; *People* v. *Lopez* (1977) 71 Cal.App.3d 568 [138 Cal.Rptr. 36]; *People* v. *Fabricant* (1979) 91 Cal.App.3d 706 [154 Cal.Rptr. 340]; *People* v.

---

[1]The reporter's transcript in pertinent part reads: "Again, do you waive your constitutional rights to be represented by an attorney, court-appointed if you cannot afford one?
"THE DEFENDANT: Yes.
"THE COURT: Do you waive your right to remain silent, to a jury trial, to confront and to cross-examine and subpoena witnesses?
"THE DEFENDANT: Yes.
"THE COURT: Is that correct?
"THE DEFENDANT: Yes, your Honor.
"THE COURT: Do you understand the penalties which must be imposed upon a second and third conviction includes a mandatory loss of your driving privilege and a mandatory jail sentence, a mandatory minimum fine?
"THE DEFENDANT: Yes.
"THE COURT: Knowing that fact or those facts do you still wish to enter a plea of guilty?
"THE DEFENDANT: Yes.
"THE COURT: The People join?
"MR. HAHN: Yes, your Honor.
"THE COURT: You heard your constitutional rights and you understand the waivers that you have signed and submitted to the Court?
"THE DEFENDANT: Yes."

*Torres* (1979) 96 Cal.App.3d 14 [157 Cal.Rptr. 560]; and in *In re Johnson* (1965) 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420]. In summary appellant's contentions raise two issues: (1) Does California law require a specific admonition by the court to the defendant of the dangers and disadvantages of self-representation as a condition precedent to the entry of any plea of guilty? (2) If so, for the plea to be valid must such warning be memorialized in the court record?

Respondent counters that appellant's waiver was knowingly and intelligently made and the failure, if any, to specifically advise appellant of the perils of self-representation was harmless error. Moreover, any requirement to advise the appellant of the disadvantages of self-representation, says respondent, is inapplicable to Vehicle Code section 23102, subdivision (a) because this section does not describe a serious offense. Additionally, the respondent avers, the duty, if any, to warn does not apply in a situation where the defendant wishes to plead guilty as opposed to a situation where he wishes a trial.

IV

An accused has both a constitutional and statutory right to the assistance of counsel in his defense of an accusation,[2] and the accused must be informed of this right irrespective of the plea he intends to enter. (*In re Johnson, supra,* 62 Cal.2d 325.) All presumptions are against the waiver of the right to counsel; therefore, it is impermissible to presume a valid waiver of counsel merely because a plea to a charge has been taken. (*In re Johnson, supra,* p. 335.) To insure that any waiver of counsel is knowingly and intelligently made a cautious and sage court might well, prior to allowing any waiver of counsel, detail for the benefit of a defendant the difficulties and dangers of self representation. Such a practice makes good sense inasmuch as such advisements may assist both the defendant and the court in the determination of whether any waiver of counsel is being competently given. It is quite clear however, and we hold, that there is no constitutional mandate to advise a defendant of the hazards of self-representation, the failure of which results in the invalidity of any guilty plea taken.

Appellant points to *Torres, supra, Fabricant, supra,* 91 Cal.App.3d 706, and *In re Johnson, supra,* 62 Cal.2d 325, as authority which sus-

---

[2]See, California Constitution, article I, section 15 and Penal Code sections 858 and 987.

tains his position. He concedes that *Torres* is inapplicable to his problem inasmuch as his conviction antedates *Torres,* which was prospective only. He argues, however, that *Torres* stated the controlling law of California as articulated by *In re Johnson.* We do not agree that those decisions uphold appellant's contention that court advisement of the disadvantages of self-representation is mandated.

*In re Johnson,* involved a habeas corpus petition by which the defendant alleged that he was inadequately advised of his constitutional rights; hence his plea of guilty was invalid. The defendant, at arraignment, had been charged with numerous traffic violations. The advisement given him by the magistrate did not include any warning of the dangers of self-representation. The appellate court in considering defendant's contention concerned itself not with any specific advisement, but with whether the defendant's waiver of counsel was knowing and intelligent. The record before the court was limited to (1) the docket which reflected that the defendant was informed of his "legal rights" and (2) affidavits submitted by the defendant, his witness, and the magistrate. The court set the defendant's guilty plea aside on the theory that after appraising all of the facts and circumstances surrounding the case including the experience, background and conduct of the defendant and considering the silence of the record on advisement regarding waiver of counsel, it could not be said that a knowledgeable waiver had been given by the defendant. ■ This case is illustrative of well-settled California law that before a waiver of counsel can be accepted the court must be satisfied that the waiver was knowingly and intelligently made. The most inquiring perusal of this decision will not uncover any reference to a constitutional or statutory compulsion that a defendant must be specifically advised of the dangers of self-representation before his guilty plea may be taken.

To determine the validity of the application of *People v. Fabricant, supra,* 91 Cal.App.3d 706, to the issue raised herein one must look to *Faretta v. California, supra,* 422 U.S. 806, because *Fabricant* is founded on the holding in *Faretta.* "The exact scope of the warnings required by *Faretta* has been the subject of discussion in various appellate opinions." (*People v. Fabricant, supra,* 91 Cal.App.3d at p. 712.)

The case of *Faretta v. California* does not sustain appellant's contentions because that case decided only one issue: does a defendant in a state criminal trial have a constitutional right to represent himself when he voluntarily and intelligently elects to do so? Anthony Faretta, who

was charged with grand theft, rejected the services of the public defender because he felt the public defender had too heavy a caseload. The court rendered an elaborate warning and then accepted Faretta's waiver of counsel. Several weeks later and prior to trial the judge *sua sponte* held a hearing to inquire into Faretta's ability to conduct his own defense. After the hearing, the judge ruled that Faretta had not made an intelligent and knowing waiver of the right to assistance of counsel and ruled that he did not have a constitutional right to conduct his own defense. He then appointed the public defender. The Court of Appeal affirmed the decision of the trial judge and the California Supreme Court denied review. The Supreme Court of the United States granted certiorari, 415 U.S. 975 [39 L.Ed.2d 870, 94 S.Ct. 1559], and ruled that the right of self-representation is a basic right. The *Faretta* court at 422 U.S. page 835 [45 L.Ed.2d at pages 581-582] said, "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' *Adams* v. *United States ex rel. McCann,* 317 U.S. at 279."

One who acts with "eyes open" is one who makes an insightful choice. It is this requirement that has been repeatedly articulated by the courts: that the defendant must make a knowing and intelligent election to waive a right. It is the task of the court to determine if the waiver is knowingly and intelligently made and, if so, this conclusion of the court is what must be memorialized at some place in the record. The *Adams* decision cited by the *Faretta* court does not support the position that a specific advisement of the hazards of self-representation must be given and/or must appear in the record. In *Adams,* a defendant charged with several counts of mail fraud elected to represent himself notwithstanding the court's strong advisement against such a course of action. Reinforcing the principle that a court may not compel an attorney upon an accused the appellate court affirmed the right of the defendant to exercise his informed judgment not to utilize counsel. The court indicated not that a specific advisement must be given, rather, that the decision to waive counsel must be with "eyes open," citing *Johnson* v. *Zerbst* (1938) 304 U.S. 458 [82 L.Ed. 1461, 58 S.Ct. 1019, 146 A.L.R. 357].

*Johnson* v. *Zerbst, supra,* is clearly, then, one of the philosophical anchors upon which *Faretta* and *Adams* rest, and that decision does not

pronounce that a specific advisement must be given and placed in the record prior to a plea. In *Johnson v. Zerbst, supra*, a marine was convicted, without the aid of counsel, of the charge of uttering checks. By petition for habeas corpus the case came before the United States Supreme Court on the issue of waiver of the constitutional right to counsel. Mr. Justice Black speaking for the majority (*Johnson v. Zerbst, supra*, at p. 465 [82 L.Ed. at p. 1467]), set forth the principles which remain the law today: Every presumption is against the waiver of a known right; hence the determination of whether an intelligent waiver has been rendered turns on all the circumstances surrounding the case such as background, experience and the conduct of the accused. "While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record." The task of this court in the instant case then is to determine if there was a knowing and intelligent waiver of counsel by the defendant and if it was memorialized somewhere in the record of the proceedings.

Regarding *People v. Torres, supra* [96 Cal.App.3d 14], it is our view that many of the concerns articulated in the concurring opinion of Justice Hanson are now manifest. Accordingly, we concur in the reasoning set forth in *People v. Barlow* (1980) 103 Cal.App.3d 351 [163 Cal. Rptr. 664], and *People v. Paradise* (1980) 108 Cal.App.3d 364 [166 Cal.Rptr. 484]. We briefly note that *People v. Lopez, supra*, 71 Cal. App.3d 568, does not sustain appellant's position for the reason that the comments therein regarding self-representation advisements were clearly characterized as suggestive, were obviously dicta and intended as a guide to assist the trial judge in his determination of the competence of a waiver of counsel. *Lopez* does not stand as authority for the position that a specific warning must be given prior to the taking of a plea of guilty.

V

Having rejected the thrust of appellant's collateral attack that the record must affirmatively show that appellant was advised of the risks of self-representation, we now examine the record to determine if it reflects that the court made an inquiry and found that appellant rendered a knowing and intelligent waiver of counsel as is required. If the record so reflects the burden is upon the *defendant* to establish by a preponderance of the evidence that his waiver was not competently made. (*Johnson v. Zerbst, supra*, 304 U.S., p. 469 [82 L.Ed., p. 1469];

*Moore* v. *Michigan* (1957) 355 U.S. 155 [2 L.Ed.2d 167, 78 S.Ct. 191].) ▉ The record herein reflects that certain advisements, including the right to counsel, were given to the defendant on May 26, 1977, by means of a form which he initialed in 11 places and signed. Paragraph 11 of the form indicates that appellant "...freely and voluntarily give[s] up the right to be represented by an attorney having been completely advised as to the nature and extent of this right." Appellant seeks reversal upon the single ground that a specific advisement was not afforded him. He does not provide any affidavit or declaration to the effect that he did not appreciate the gravity of electing self-representation which is his burden. (*People* v. *Duren* (1973) 9 Cal.3d 218, 237 [107 Cal.Rptr. 157, 507 P.2d 1365], and *People* v. *Hill* (1969) 70 Cal.2d 678, 688-689 [76 Cal.Rptr. 225, 452 P.2d 329].) Appellant does not declare that he was unaware of the dangers and risks he faced in representing himself. We are satisfied from our perusal of the entire record that the advisements to appellant were sufficient for the court to have concluded, absent a showing to the contrary, that there was a knowing, intelligent waiver of counsel being made by the defendant. The appellant has not, in our view, carried his burden of establishing that such finding of the court is unsupported by the record as a whole.

▉ It is the duty of the trial court to assume "...an active, protective role to ensure that both the defendant's waiver of counsel and his guilty plea are knowingly and understandingly made." (*In re Birch* (1973) 10 Cal.3d 314, 319 [110 Cal.Rptr. 212, 515 P.2d 12].) It appears to us that the trial court in this case fulfilled its duty. We hold, therefore, that the petition for mandate was properly denied.

### DISPOSITION

The judgment (order) denying appellant's petition for writ of mandate is affirmed.[3]

Lillie, Acting P. J., concurred.

HANSON (Thaxton), J.—I concur and incorporate by reference my opinion in *People* v. *Torres* (1979) 96 Cal.App.3d 14 [157 Cal.Rptr. 560], in which I concurred in the majority's judgment affirming the

---

[3]Were it not for the extraordinary fact that *People v. Torres, supra,* 96 Cal.App.3d 14 was an opinion by this division we would ordinarily decline review on the merits for the reasons stated in *Provencher v. Municipal Court* (1978) 83 Cal.App.3d 132 [147 Cal.Rptr. 615].

conviction of defendant Torres based on procedural grounds but also addressed at some length the same key issue presented in the instant case by electing to treat that appeal as a writ of habeas corpus.

I note by this opinion Division One of the Second Appellate District now joins Division Two of the Fourth Appellate District (*People* v. *Barlow* (1980) 103 Cal.App.3d 351 [163 Cal.Rptr. 664]) and the Fifth Appellate District (*People* v. *Paradise* (1980) 108 Cal.App.3d 364 [166 Cal.Rptr. 484]) in their determinations of the issues presented.