[Civ. No. 57118. Second Dist., Div. One. Oct. 15, 1980.]

ALLEN SHELDON ZIMMERMAN, Plaintiff and Respondent, v. THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

COUNSEL

Burt Pines, City Attorney, George C. Eskin, Chief Assistant City Attorney, Rand Schrader, Assistant City Attorney, Jack L. Brown, Richard Edward Cates and Greg Wolff, Deputy City Attorneys, for Real Party in Interest and Appellant.

John K. Van de Kamp, District Attorney, Harry B. Sondheim and George M. Palmer, Deputy District Attorneys, as Amici Curiae on behalf of Real Party in Interest and Appellant.

Peter R. diDonato, under appointment by the Court of Appeal, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

OPINION

**HANSON (Thaxton), J.**—The People appeal an order of the superior court granting the petition of Allen Sheldon Zimmerman (defendant below) for a writ of mandate directing the municipal court to declare invalid his prior conviction for driving under the influence of alcohol. (Veh. Code, § 23102, subd. (a).)[1]

FACTS

On April 26, 1976, defendant Zimmerman appearing without counsel entered a plea of guilty to charges of driving under the influence of alcohol pursuant to section 23101, subdivision (a). The transcript discloses that immediately prior to his plea he was informed of the constitutional rights he was giving up including, inter alia, the right to remain silent, to a jury trial, to confront and cross-examine adverse witnesses, and to have counsel or court-appointed counsel. He indicated that he freely and voluntarily gave up these rights; that he understood the maximum penalty was six months in jail and a $500 fine; that he understood the terms and conditions of probation; and that he knew that in case he violated any one of these terms the maximum sentence could be imposed.

---

[1]Unless otherwise indicated, all statutory references are to the Vehicle Code.

The entry in the court docket shows that defendant Zimmerman was in addition advised of the possible defenses available, both the minimum and maximum sentence, the other consequences of a guilty or nolo contendere plea and the effect of a subsequent conviction for the same offense. It further reflects the court's finding that all waivers were knowingly, intelligently and understandingly made by defendant. Neither the reporter's transcript nor the court docket shows that defendant was specifically advised of the dangers and disadvantages of self-representation.

On March 14, 1978, defendant was charged (case No. V043805) with a section 23102, subdivision (a), violation and with suffering a prior conviction for the same offense on April 26, 1976 (case No. V004748). His motion to have the prior stricken on grounds that it was unconstitutional was denied by the trial court on October 24, 1978. In his declaration in support of that motion defendant Zimmerman alleged that he did not knowingly, intelligently and understandingly waive his right to counsel at the time of his guilty plea. After the court denied his motion, defendant on November 1, 1978, pleaded guilty in case No. V043805 and admitted the prior. Sentencing was continued to permit defendant to seek judicial review of the trial court's denial of his motion to strike the prior.

Defendant Zimmerman subsequently petitioned the superior court for a writ of mandate to compel the municipal court to strike the prior as unconstitutional. The superior court in granting the motion found that the court record did not show that defendant was advised of the dangers and disadvantages of self-representation when he entered his plea in case No. V004748 on April 26, 1976. Accordingly the court concluded that the prior conviction was constitutionally invalid in case No. V004748 and issued a writ of mandate directing the municipal court to set aside its order upholding the constitutionality of the prior. The superior court based its order on the conclusion that: "Insofar as the waiver of the right to counsel, the trial court record must show that the defendant was advised of the dangers and disadvantages of self-representation. (*Faretta* v. *California* [1975] 422 U.S. 806; *People* v. *Lopez* [1977] 71 Cal.App.3d 568; *People* v. *Dale* [1978] 78 Cal.App.3d 722; *People* v. *Cervantes* [1978] 87 Cal.App.3d 281.)"

## ISSUES

The People on appeal contend that the trial court erred in issuing the writ of mandate since (1) the remedy is inappropriate because defen-

dant Zimmerman had an adequate remedy at law in the form of an appeal from a subsequent judgment; and (2) the record need not disclose the character of the advisements by which defendant in pro. per. knowingly, intelligently and understandingly waived his right to counsel prior to entering his guilty plea.

## DISCUSSION

In view of the fact that defendant Zimmerman had an adequate remedy at law in the form of appeal from the judgment, the superior court erred in rendering a determination on the merits of his petition for a writ. (*Provencher* v. *Municipal Court* (1978) 83 Cal.App.3d 132 [147 Cal.Rptr. 615]; *Benge* v. *Superior Court* (1980) 110 Cal.App.3d 121, 130, fn. 3 [167 Cal.Rptr. 714]). The action taken by that court has necessitated an appeal by the People on grounds of the procedural impropriety and lack of legal foundation for issuance of the writ.

Although there may have been some doubt at the time the writ was issued as to the nature of the showing required of a defendant in order to have a prior stricken on the grounds herein raised, or the party bearing the appropriate burden of proof on the issue, these matters have been resolved and clarified by recent decisions of this court.

We reiterate in brief the holding of *Benge* with respect to the lack of necessity for advisements such as those to which defendant herein claims he was entitled: "An accused has both a constitutional and statutory right to the assistance of counsel in his defense of an accusation, and the accused must be informed of this right irrespective of the plea he intends to enter. (*In re Johnson* [1965] 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420].) All presumptions are against the waiver of the right to counsel; therefore, it is impermissible to presume a valid waiver of counsel merely because a plea to a charge has been taken. (*In re Johnson, supra*, p. 335.) . . . [W]e hold, that there is no constitutional mandate to advise a defendant of the hazards of self-representation, the failure of which results in the invalidity of any guilty plea taken." (*Benge* v. *Superior Court, supra*, 110 Cal.App.3d 121, 126, fn. omitted.)

We further determined therein the implications of *People* v. *Lopez* (1977) 71 Cal.App.3d 568 [138 Cal.Rptr. 36], relied upon by the supe-

rior court in the present case. We determined that the *Lopez* case does not sustain the position of defendant Zimmerman "for the reason that the comments therein regarding self-representation advisements were clearly characterized as suggestive, were obviously dicta and intended as a guide to assist the trial judge in his determination of the competence of a waiver of counsel. *Lopez* does not stand as authority for the position that a specific warning must be given prior to the taking of a plea of guilty." (*Benge* v. *Superior Court, supra,* 110 Cal.App.3d at p. 129; accord *People v. Paradise* (1980) 108 Cal.App.3d 364 [166 Cal.Rptr. 484].)

■ While the record need not affirmatively show that defendant was advised of the risks of self-representation, the record as a whole must reflect that the court upon inquiry determined and found that defendant at the time of the plea made a knowing, intelligent and understanding waiver of counsel. (*Benge* v. *Superior Court, supra,* 110 Cal.App.3d 121; *People v. Barlow* (1980) 103 Cal.App.3d 351 [163 Cal.Rptr. 664]; *People v. Paradise, supra,* 108 Cal.App.3d 364.) If so, the burden lies upon defendant as the moving party to establish by a preponderance of the evidence that his waiver was not competently made. (*Johnson* v. *Zerbst* (1938) 304 U.S. 458, 469 [82 L.Ed. 1461, 1469, 58 S.Ct. 1019, 146 A.L.R. 357].)

■ The transcript in the case at bench reflects that defendant was specifically queried and advised with respect to rights to be waived including the right to counsel or court-appointed counsel, and that he voluntarily at the time his guilty plea was entered waived counsel. The docket discloses the finding of the trial court that defendant was also advised of the possible defenses, both the minimum and maximum sentences, the consequences of a plea of guilty or nolo contendere and the consequences of a subsequent conviction of the same offense.

The trial court found that defendant's waiver of counsel was intelligently, knowingly and understandingly waived. Defendant has failed to demonstrate that this finding was unsupported by the record, and has presented no affidavit or declaration disclosing factors which might nullify the trial court's findings. Therefore, his claim that his prior conviction was unconstitutional could not prevail on the merits and the trial court erred in issuing the writ.

## DISPOSITION

The order of the superior court granting the writ of mandamus requested by defendant Zimmerman is reversed.

Jefferson (Bernard), Acting P. J.,* and Title, J.,† concurred.

A petition for a rehearing was denied November 12, 1980, and the petition of plaintiff and respondent for a hearing by the Supreme Court was denied December 24, 1980. Bird, C. J., was of the opinion that the petition should be granted.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

†Assigned by the Chairperson of the Judicial Council.