*Supp. 23 Opinion
FOSTER, J.
Defendant was charged with violating Vehicle Code, section 23102, subdivision (a), (driving under the influence of alcohol) with a prior conviction of the same offense. The People appeal from a pretrial order granting defendant’s motion to strike the allegation of a prior conviction.[1] We reverse.
Defendant’s motion was on the ground that in the prior action, in which he pleaded guilty to the charge, he was denied his constitutional right to the assistance of counsel. In support of the motion he offered as evidence only the docket of the prior action.
The position of the defendant is that a warning of the hazards of self-representation is essential to a knowing waiver of counsel. According to this argument, proof of such warning must appear on the face of the record of the prior proceedings.
Courts of Appeal are divided on the question of whether a warning concerning the hazards of self-representation is essential to a determination of whether a defendant, in pleading guilty to a charge without counsel, has made a knowing waiver of counsel. Cases holding, or by dictum indicating, that such a warning must be given include: People v. Elliott (1977) 70 Cal.App.3d 984, 990 [139 Cal.Rptr. 205]; People v. Lopez (1977) 71 Cal.App.3d 568, 572-574 [138 Cal.Rptr. 36]; People v. Dale (1978) 78 Cal.App.3d 722, 730 [144 Cal.Rptr. 338]; People v. Cervantes (1978) 87 Cal.App.3d 281, 286-287 [150 Cal.Rptr. 819]; People v. Fabricant (1979) 91 Cal.App.3d 706, 712 [154 Cal.Rptr. 340]; and People v. Torres (1979) 96 Cal.App.3d 14, 17 [157 Cal.Rptr. 560]. Contrary holdings appear in People v. Barlow (1980) 103 Cal.App.3d 351, 372-373 [163 Cal.Rptr. 664]; People v. Paradise (1980) 108 Cal.App.3d 364, 372 [166 Cal.Rptr. 488]; and Benge v. Superior Court (1980) 110 Cal.App.3d 121, 129 [167 Cal.Rptr. 714], The Supreme Court has not yet resolved this conflict. Under the circumstances, we must exercise our judgment in choosing between the conflicting views. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 *Supp. 24 Cal.2d 450, 456 [20 Cal.Rptr. 321, 369 P.2d 937].) We believe the Barlow-Paradise-Benge view is the better.
The problem was created by a dictum in Faretta v. California (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]: “Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’” (422 U.S. at p. 835 [45 L.Ed.2d at pp. 581-582].)
The Faretta dictum in turn was the basis for a dictum in People v. Lopez, supra, 71 Cal.App.3d 568, decided by the Court of Appeal, Fourth District, Division Two, that “it is necessary, as Faretta says, that the defendant ‘be made aware of the dangers and disadvantages of self-representation.’” (Id., at p. 572.) Subsequently, in People v. Barlow (1980) 103 Cal.App.3d 351 [163 Cal.Rptr. 664], the same Court of Appeal reviewed in depth the dicta in Faretta and its own prior dicta in Lopez and concluded: “We have gone to some lengths to dig into the true decisional origins of the Faretta dicta because of the way in which the assignment of error has been fashioned, i.e., that it is error not to warn in some particular way. The results of that digging, as above recorded, we repeat, leave no doubt whatsoever that the judicial task of the trial court here prescribed is not some mindless mouthing of a rote incantation but instead is a pragmatic search within the unique framework of the given case for that point where it clearly appears to the trial court that the defendant has in the language of Lopez made ‘a knowing and intelligent election.....’ (People v. Lopez, supra, 71 Cal.App.3d 568, 571.)” (103 Cal.App.3d at p. 370.)
Since Barlow was decided, another division of the Court of Appeal has declined to follow its own prior holdings and has ruled that it is not essential to a knowing waiver of counsel that there appear on the record an advisement concerning the hazards of self-representation. (Benge v. Superior Court (1980, 2d Dist., Div. 1) 110 Cal.App.3d 121, 129 [167 Cal.Rptr. 714] [declining to follow People v. Cervantes, supra, 150 Cal.Rptr. 819, and People v. Torres, supra, 157 Cal.Rptr. 560, decided by the same division].)
*Supp. 25 We do not read Faretta as establishing a constitutional minimum of inquiry as to what must be asked to insure an intelligent waiver of the right to counsel. Nor do we believe that Faretta requires that the record affirmatively establish a specific dialogue between the court and defendant as a constitutional principle. We believe that the correct principle is stated in People v. Paradise, supra: “We do not suggest that an express, on-the-record advisement of the dangers and risks of self-representation is not desirable. It is. (See People v. Lopez (1977) 71 Cal.App.3d 568 [138 Cal.Rptr. 36].) Obviously, without an express, on-the-record advisement increased direct and collateral attacks upon pleas of guilty entered without counsel will be inevitable and the predictability of the results uncertain. The probability that different appellate courts will draw differing inferences from the same on-the-record facts will itself whet the appetite for victory of imaginative and zealous, counsel. However, weighing that possibility against the ever-increasing and time-consuming burden placed upon trial courts to intone ritualistic incantations, we believe the scales tip in favor of the less formalistic determination of whether a defendant has knowingly and intelligently waived his right to counsel. As we have pointed out, that was the rule before Faretta and we see no persuasive reason for changing it now. As was said in In re Johnson, supra, 62 Cal.2d 325, 336 [42 Cal.Rptr. 228, 398 P.2d 420]: ‘We must recognize that the typically crowded arraignment calendars of our courts pose urgent problems in the administration of justice in California. This is particularly true of those courts in large municipalities which are called upon to deal with an unending stream of traffic violations, drunk cases, vagrancies, and similar petty offenses. While there can be no impairment of the fundamental constitutional rights of any defendant, however minor his crime, in certain situations there may be a choice of valid ways to implement these rights. Where such is the case—and constitutional rights are respected—the convenience of the parties and the court should be given considerable weight.’” (108 Cal.App.3d at pp. 370-371.)
The burden of proof was upon the defendant below to prove the constitutional invalidity of the prior conviction, once such conviction was established. (People v. Coffey (1967) 67 Cal.2d 204, 217 [60 Cal.Rptr. 457, 430 P.2d 15]; People v. Barlow, supra, 103 Cal.App.3d, at pp. 372-373; People v. Evans (1980) 112 Cal.App.3d 607, 612-613 [169 Cal.Rptr. 240].) The docket of the prior case reflects that defendant was advised of his right to counsel and made a knowing and intelligent waiver of the right. No contrary evidence has been presented.
*Supp. 26 The order is reversed with directions to reinstate the allegation of a prior conviction and to conduct further proceedings not inconsistent with this opinion.
Fainer, P. J., and Bernstein, J., concurred.

Such order is made appealable by Penal Code section 1466. (People v. Davis (1979) 94 Cal.App.3d 215, 222 [156 Cal.Rptr. 395].)